Good morning, Your Honors. Please, the Court, Frank Sproul is appearing for the Petitioner. It's very obvious this case is about jurisdiction and nothing else. Counsel, in this courtroom I have a hard time because it's really echoey up here. Okay. So the key is not to talk louder because that makes the echo worse. But if you could talk a little slower than you normally would, it would help me a lot. As long as your understanding wasn't based on the intellectual content, I'll be okay. No, but that was too fast. What you just said was too fast. You've got to slow down. All right. Let me slow down. Oh, thank you. How about we do a do-over? We'll start all over. Okay. Anyway, again, this case clearly is about jurisdiction and nothing else. The facts, I think, are overwhelmingly salubrious for the Petitioner, but we're not going to get there unless the Court finds jurisdiction. What I would like to do is directly address the cases that the panel asked us to look at. And, again, I think those cases, the A&A International Herrera, A&A International referenced the Spencer case, which Judge Nelson authored. Basically, it says, even when there's highly preclusive language, even where statutory language grants unfettered discretion, there may be review if the regulations provide a meaningful standard. A&A International says the same thing. And, essentially, that's what we have here. In the published memo that's supposed to guide adjudicators, they specifically talk about, and the legal standard is in Volume 2, page 396 to 397. Kagan. Counsel, you're speaking of the AITS memo? Yes. Okay. The AITS memo has a standard in it, and the AITS memo says that the decision to revoke, as opposed to deny, is appealable. Traditionally, it says, appealable to the BIA. And in this case, the official notice issued by USCIS, notice that they were revoking, also said the decision was appealable to the BIA. And the BIA said it didn't have any jurisdiction to consider the appeal. It was relying on the Adam Walsh Act, very clearly. Right. So we do have this tension between our case law, and you just we've given you notice of the cases, that indicates that we typically do assert jurisdiction where we're talking about the revocation as opposed to the denial of an I-130.  Right. So my question, to just focus it, is how do you resolve that case law with the very specific language in the Adam Walsh Act that says sole and unreviewable discretion? Well, again, the cases, the Spencer and A&A International, they reference the general preclusion statute of 8 U.S.C. 1252a2b, which says no court shall have jurisdiction. The Adam Walsh Act says sole and unreviewable. I mean, I don't think a rhetorical flourish should be dispositive. They're saying the same thing, that, you know, there is no jurisdiction to review. What's the rhetorical flourish? Using sole and unreviewable as opposed to the simple no court shall have jurisdiction. I mean, the Artiega case, the cases involving the cancellation of removal, they found jurisdiction despite the facial preclusive language. Well, they found jurisdiction with the statute. There was a statutory indication that jurisdiction had a an objective standard. But in this instance, Congress didn't give us an objective determination. The agency came up with the AITS memo. The statute adopted by Congress is quite emphatic. Right. But the Spencer case, the A&A case, says when there's a regulation, when the agency ignores the guidance provided by the published regulations, there's review, because then it's not jurisdiction. I mean, the case here is that the AITS memo says you must focus on the age of the Petitioner-Beneficiary, right? We're talking about a 66-year-old man. Yes. Right? That goes to the merits. To find that there is actual, let's see, we're all adults here, incestuous sexual assault is risible. It's not serious. To not even address that in your decision confers jurisdiction on this Court, because that's not jurisdiction. They literally fail to follow their own regulations. So is it — hold on, please. Is it your argument that the agency was arbitrary and capricious in failing to follow the AITS memo guidelines? Precisely as Spencer and A&A says. When there is published guidance and they fail to follow it, then jurisdiction exists. Now — Wait a minute. Those cases don't precisely say that. Those cases don't talk about an agency's own internal guidance, do they? They certainly do. They're talking about a regulation or a statute that gives reason to dissect discretion. A&A International says specifically, referring to Spencer, Spencer does not cast aside the agency's own published interpretation. Spencer says there will be discretion — I mean, review if the regulations provide a meaningful standard by which this review is an exercise of discretion. When you ignore the — what should be, in this case, the dispositive fact, when it's simply not even addressed in the — and based on their own guidance, then I think there is jurisdiction, not a lot, certainly not to make a ruling on the merits. Your authority for that proposition is A&A and Herrera? Is that it? And Spencer. I mean, really, Herrera, they simply take it as a given there's jurisdiction. I mean, Herrera is like — is the last case in temporally, in time. So Spencer was first and basically said, despite facially preclusive language, which is no jurisdiction, when there's a, you know, specifically detailed regulations or memos, and the government doesn't follow that, there is jurisdiction. Because it's not really just — I just have, counsel, one final question on this point, and then I'll — and then I'll stop. Your other problem is Gephardt. It's a recent published opinion from this Court that was a revocation case. So what is your response to that, please? Well, Gephardt doesn't mention Spencer. It doesn't mention A&A. It doesn't mention Herrera. Raised by the parties. I mean, the — and the Petitioner's counsel doesn't bring up any of that, you know, the AITS memo. It talks very grandulous arguments about substantive due process and preservation of the family unit. So, I mean, I don't think Gephardt is dispositive because it simply doesn't address the cases that this panel told us to address. I mean, so I don't think it's dispositive in the fact that it doesn't — you know, cases don't stand — can't stand for propositions that were not addressed. Right? At no point does the — So my question was, in that case, did the lawyers raise the issue? They did not. And that's why I think it's not dispositive. And I also would point out that Gephardt — I could just dovetail quickly into my protection argument. In that case, there were three minor children. Right? So that, in terms of, you know, what was Congress's intent, and to me, the Gephardt, that's precisely the cap, the — what Congress was concerned about. I mean, I don't really think Congress is concerned about incest. They were worried about a stepfather and three minor children. There's nothing like that here. Well, let me make sure I understand what you're saying. Solerio is saying that the fact that she's an adult, not a child, should be dispositive of whether her father no longer poses a risk to her. However, that claim, it seems to me, goes to the agency's discretion, and Gephardt says we have no jurisdiction to review it. Well, what I would say is that Gephardt did not address the other cases. Spencer, A&A, Herrera says when there is an agency regulation that can provide particularity to the review and the agency fails to follow it, that confers jurisdiction. Mini-jurisdiction. What I would like this Court to do is to remand to simply allow us to — you know, for the agency to address their own standard on an adult, I could provide, you know, I'm sure there's statistics on the frequency of this type of incest. The last thing the BIA opinion says is it lacks jurisdiction, but she's free to refile. And it seems to me that her expert report, the showing that was made, showed that Mr. Solaria had completed all of his treatment, and it pretty much lacks one sentence. It does not address whether he continued to present a danger to her specifically. If she were to get that information and file it, she's free to file another petition, right? Only that's a very pallid remedy. Because if you file a new I-17 — I'm sorry. I'm just struggling to understand you. I'm sorry. Well, again, orally or intellectually? It's just that if you talk really quickly, it sounds like one big, long word. I'm sorry. If she were to file a new petition, she would get a new priority date, and she'd have to wait another 12 to 15 years. So that's not much of a remedy for a citizen. Well, her father is a United States citizen now. And she's an adult. So that's a — you know, this is what our President talks about, chain migration. There is about a 12- to 15-year wait. If she was a minor child, it would be an immediate relative. But since she's an adult, she would get a new — She has — I've been trying to get them to use the old priority date on a new petition. I'm not getting anywhere, but we'll see. Obviously, if we get something from this Court that — you know, I refiled with a request for the old priority date, because otherwise — Because the answer, yes, you refiled. The answer is yes. But the key request I'm making is for them to provide the old priority date. Otherwise, it doesn't really do us very much good. All right. Let me take you down one further step. If we agree with you that there's jurisdiction to review this determination, what standard do you apply to the decision? I would — Of standard of review. Well, I guess the standard that we find in Spencer A&A, which is — I guess it's clear and convincing, but more importantly, it's just the — you wouldn't be ruling on the merits. You're simply saying, please send the matter back and address — No, but I think we have to tell — you know, give the district court some guidance on what the, you know, standard of review is of that, you know, of a discretionary determination of risk or no risk. Right? Well, I think — but, sure. But, I mean, I think the remand would actually go to the agency, not to the district court, because — But, counsel, a minute ago, really, if you could focus on Judge Chisima's question. Sure. A minute ago, I thought I asked you the same thing, and I thought you said the standard would be arbitrary and capricious because they didn't follow their own agency internal guidance in the AITS memo. But now you seem to be saying something different. I was sandbagged a little bit. No, I think it would be the APA standard of arbitrary and capricious. And it's arbitrary and capricious because they failed to follow their own regulations. I mean, I think that's basically — He's saying regulation. Is there any regulation? Well, the AITS memo. I mean, it's —  All right. I just want to make sure we're not missing a regulation. It's just the AITS — It's the AITS memo, which — Okay. Yeah. So, I mean, I think it would be — you know, it would be the APA standard, that it is, in fact, arbitrary and capricious to, you know, what should be a nearly dispositive fact that's resident in their own memo and is ignored by the agency. That is arbitrary and capricious. I'll take my time. Thank you, counsel. We'll hear from the government. Thank you, Your Honor. Audrey Hemesath. I'm an assistant U.S. attorney in the Eastern District of California on behalf of the United States. My argument on the jurisdiction question is going to begin and end with what Your Honor cited, which is the Gebkart case, which, as Your Honor stated, is a revocation case. It's true there's not — There's one mention of our prior case law, and that's tough, right, because a three-judge panel can't conflict with our prior case law. But there's no conflict because both ANA and Spencer Enterprises and Herrera all predate the Adam Walsh Act. They're not Adam Walsh Act cases, and so they aren't discussing the same statute. The Adam Walsh Act amended Section 1154 to add the sole and unreviewable language for this class of visa petitioners. That is the difference between the Gebkart case and the ANA. So — But, counsel, can you explain to me why the agency's notice of revocation in this case said that this decision is appealable to the BIA? And why the AITS memo says the same thing? No, honestly, I hadn't given that thought before this moment. But — I was on the Reynolds panel a few years ago, and it also addressed this. You may or may not be aware of that, but it was unpublished, to be sure. But I think I asked the same question then. And it sure would help a whole lot of people and save a lot of confusion if the forms issued by the agency didn't suggest that it was an appealable decision. It's also a bit confounding because the BIA decides it doesn't have jurisdiction and then goes right on to reach the merits, which I'm sure you noticed. That's right. No, it's in the record in this case. And CIS also briefs the issue to the board and goes into the merits. I don't think that's really either here or there on this — on the question of this Court's jurisdiction. Because the Adam Walsh Act is a congressional expression that you think is very clear. It is very clear. And so that's — that's the part about beginning and ending with the statute. That's right. And that's — that's actually in Spencer Enterprises. This is a quote from Spencer Enterprises. If the statute specifies that the decision is wholly discretionary, regulations or agency practice will not make the decision reviewable. So that's the difference between that line of cases, the ANA and Herrera, and this one. And I think that's implicit in what Gephardt's stating. There's a — there's actually a discussion in Gephardt which I think is illustrative. It's not on — it's specifically about the revocation, but it talks about the may-file language that's in the — the first clause of Section 1154, and it talks about whether — it actually describes that as being somewhat awkward language because it isn't that the agency blocks the Petitioner from filing the petition. It's actually at the moment when the agency is going to review the merits of whether it should grant the petition or not that that Section 8 subclause kicks in. And in that, you can — it's consistent with our position here today, which is that there's no jurisdiction to review the agency's decision at any moment about the Adam Walsh Act, whether it's to say, no, you can't file this position because you have this disqualifying conviction, or, no, we're going to deny the petition, or, no, we have to revoke the petition because you have this disqualifying petition. It's at any point in the proceedings, and it really doesn't matter whether it's revocation or at an earlier phase. The case also raised an equal protection issue, or the Petitioner raised an equal protection question, which this Court does not have precedent on. We cite four reasons in our brief, and the district court also made the same holding about the equal protection, that there isn't a — or that there is a rational basis for a distinction between visa Petitioners with these convictions and visa Petitioners without these convictions. And so for the reasons that the district court found, we would also ask this Court to find that there is no jurisdiction over the equal protection issue because it's not a colorable constitutional claim. Further questions? Thank you, counsel. Thank you. Very briefly, I think the Spencer case does deal with, if there are standards, they're not followed, there is jurisdiction. The other — briefly, I'd like to address the equal protection. I know it's sort of my secondary argument. And I think only in terms of equal protection as applied, right? I mean, a facial challenge on equal protection is highly difficult, and certainly a rational basis would be, again, to somehow deter Petitioners. But here, as applied, we really do have an argument for equal protection. I mean, think about what we're talking about here. This is a — Adam Walsh does not talk about, you are a danger to the community. It's, are you a danger to the beneficiary, to this 43-year-old woman? And there are no minor children anywhere involved. Distinctly different than Gephardt. There were three derivative minor children, right? So here, we're talking about two classes, you know, beneficiaries who are blameless, no minors anywhere. They are being denied a benefit, nothing to do with their behavior. And so, as applied — Counsel, did you introduce any evidence about risk or any kind of professional assessment of risk by a man this age and even with a majority-aged daughter? Correct. One problem. I was not the attorney below, and so the job he did was terrible. Did the attorney below introduce any evidence? It was nearly comical. He submitted about ten letters that all said he didn't do it, which is not exactly the way to show rehabilitation. So that was — if I get a remand, I hope I'd be able to do a slightly better job in terms of statistics and so on. So, I mean, that was the problem. I mean, we're still talking simply about jurisdiction, but the record below was poorly drafted. Again, there was nothing about — they just said, you know, he had a probation-mandated class. But there was a lot more that one could have addressed to show that a 43-year-old woman is not in danger of incestuous sexual assault from her own father. That never came up. I submit the matter. Thank you, counsel. Thank you both. The case will be submitted, and we'll go on to the next argument. It is Clark v. Indemnity Insurance Company, 16-16880.
judges: D.W. Nelson, Tashima, Christen